AF Approval _____        Chief Approval _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

     v.                       CASE NO. **8:19-cr-44-T-17TGW**

VIVIENNE YVETTE SELLERS

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Maria Chapa Lopez, United States Attorney for the Middle District of Florida, and the defendant, Vivienne Yvette Sellers, and the attorney for the defendant, Simone Lennon, Esq., mutually agree as follows:

**A.**   **Particularized Terms**

1.   Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2).

2.   Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of five years up to 20 years, a fine of $250,000, a term of supervised release of five years up to life, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any

Defendant's Initials _____

victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3. Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

4. Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First:      the Defendant knowingly received a visual depiction;

Second:   the depiction was shipped or transported in interstate or
          foreign commerce by any means including computer;

Defendant's Initials _VMY_          2

Third:          producing the visual depiction involved using a minor
                engaged in sexually explicit conduct;

Fourth:         the depiction is of a minor engaged in sexually explicit
                conduct; and

Fifth:          the Defendant knew that at least one performer in the visual
                depiction was a minor and knew that the depiction showed
                the minor engaged in sexually explicit conduct.

5.    No Further Charges

       If the Court accepts this plea agreement, the United States

Attorney's Office for the Middle District of Florida agrees not to charge defendant

with committing any other federal criminal offenses known to the United States

Attorney's Office at the time of the execution of this agreement related to the

conduct giving rise to this plea agreement.

6.    Mandatory Restitution to Victims of Offense of Conviction

       Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution

to known victims of the offense for the full amount of the victims' losses as

determined by the Court.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the

defendant agrees not to oppose bifurcation of the sentencing hearing if the

victims' losses are not ascertainable prior to sentencing.

7.    Guidelines Sentence

       Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will

recommend to the Court that the defendant be sentenced within the defendant's

Defendant's Initials _____          3

applicable guidelines range as determined by the Court pursuant to the United

States Sentencing Guidelines, as adjusted by any departure the United States has

agreed to recommend in this plea agreement.  The parties understand that such a

recommendation is not binding on the Court and that, if it is not accepted by this

Court, neither the United States nor the defendant will be allowed to withdraw

from the plea agreement, and the defendant will not be allowed to withdraw from

the plea of guilty.

    8.   <u>Low End</u>

    At the time of sentencing, and in the event that no adverse

information is received suggesting such a recommendation to be unwarranted, the

United States will not oppose the defendant's request to the Court that the

defendant receive a sentence at the low end of the applicable guideline range, as

calculated by the Court.  The defendant understands that this recommendation or

request is not binding on the Court, and if not accepted by the Court, the

defendant will not be allowed to withdraw from the plea.

    9.   <u>Acceptance of Responsibility - Three Levels</u>

    At the time of sentencing, and in the event that no adverse

information is received suggesting such a recommendation to be unwarranted, the

United States will not oppose the defendant's request to the Court that the

defendant receive a two-level downward adjustment for acceptance of

Defendant's Initials _____    4

responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10.    Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that

the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which she has pled guilty.  As such, defendant hereby relinquishes all claim, title and interest she has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that she is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of: Samsung Galaxy Note 8, model: SM-N95OU with serial number R38J909JMXD.

11.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253 whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: Samsung Galaxy Note 8, model: SM-N95OU with serial number R38J909JMXD, which assets were used to facilitate the offense.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant

agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be

found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

12. Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that

Defendant's Initials _____        10

he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.**   **Standard Terms and Conditions**

    1.   <u>Restitution, Special Assessment and Fine</u>

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100.00, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2.  Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.  Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.   Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third

parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.   <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant

further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.   <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by

18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is

pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty.  The defendant hereby admits that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

<u>FACTS</u>

In or around June 2017, the defendant, Vivienne Yvette Sellers, used an internet-based mobile application to receive child pornography and discuss the sexual abuse of children. The defendant used the application to communicate with another user whom she believed to be a nine-year-old boy and received images and videos of minors engaged in sexually explicit conduct that the defendant knew depicted actual minors.

Specifically, between on or about May 30, 2017, and or about June 17, 2017, the defendant used her account with username "vivforu" to communicate with another individual with username "cejaiee." During the defendant's conversations with "cejaiee," the defendant received approximately 16 images depicting minors engaged in sexually explicit conduct. The defendant transmitted approximately 11 image files and links to five video files that depict the defendant engaged in sexually explicit conduct either alone or with an adult

male. The following is an excerpt of the defendant's conversation with "cejaiee" on or about June 16, 2017,

**"cejaiee"**: Fuck mommy I wish u were laying next to me

**"cejaiee"**: What u think of my dick

**"vivforu"**: Me too

**"vivforu"**: I want to suck it I want to feel it inside me

**"cejaiee"**: Mmmmm yes suck it

...

**"cejaiee"**: R u horny baby

**"cejaiee"**: I'm naked in bed rn

**"vivforu"**: I'm always down to fuck

**"cejaiee"**: Imagine u babysitting rn

**"cejaiee"**: My parents would drop me off ur place

**"vivforu"**: I am imagining it

**"cejaiee"**: What would u wear

**"vivforu"**: Regular clothes don't let your parents to be suspicious

**"cejaiee"**: [Image file named 7f03c2b2fdc16bafe5e1d0bf75777174.jpg. The image depicts a naked prepubescent male lying on a bed, holding his erect penis.]

**"cejaiee"**: And after they leave?

**"cejaiee"**: [Image file named 9f8423d4323b6016c51596201f161f40.jpg. The image is a close-up of a naked prepubescent male sitting

on a chair or bed. The child's naked erect penis is the focal point of the image.]

**"vivforu"**:   Laying down on my bed take your clothes off start sucking your cock.

...

**"cejaiee"**:   I love u mommy

**"cejaiee"**:   Imagine if I was ur real son hehe

**"vivforu"**:   I am imagining could make you sleep with me every night naked

**"cejaiee"**:   What would u do if u caught me jacking off in my room?

**"vivforu"**:   Join in and help you

**"cejaiee"**:   Mmmm

**"cejaiee"**:   I'm only 9 so that would b hot mom if u help me out n showed me

**"vivforu"**:   Yum

**"cejaiee"**:   U like that mommy

**"cejaiee"**:   My cock is still growing mommy

**"vivforu"**:   I love it

The conversation continued with the two discussing the logistics of meeting face-to-face, including the potential of "cejaiee" bringing his friend, another child. "Cejaiee" asked the defendant if the defendant "would suck [the friend's] dick too," to which the defendant said, "yes...if he wanted to." The defendant added

Defendant's Initials _____        20

that it "would be fun so you would let me touch your dicks together" and "that's one of my fantasies I've never gotten to do." The defendant then asked, "can I be sure you would both keep it a secret and not ever tell anybody." "Cejaiee" replied, "Oh we will mommy like I said his mom sucks our dicks" and "he is also 9 mom."

The FBI obtained records from the internet-based mobile application, which showed that the account had been created on June 1, 2014, and the individual who created the account provided the name "Vivienne Sellers" and a contact email of vys4145@yahoo.com. The records further revealed that a Samsung Galaxy Note 8 was used to access the account from an IP address associated with the defendant's residence in Palm Harbor, which is in the Middle District of Florida.

In or around August 2018, the FBI executed a search warrant at the defendant's residence and seized the defendant's Samsung Galaxy Note 8 cellular phone. A forensic review of the device revealed that the mobile application was installed on the cellular phone. The username and email associated with the account was "vivforu" and vys4145@yahoo.com, respectively. The defendant possessed two-child pornographic videos and 36 child-pornographic images on the cellular phone.

Defendant's Initials _____    21

During a voluntary interview, the defendant admitted that she had used her cellular phone to access the mobile application and communicate with individuals about sexual activity. She admitted that her username is "vivforu" and that she had had the account for approximately five years. When asked, the defendant admitted that she had communicated with a child and she and the child had discussed sex and traded pictures and videos. The defendant admitted to sending "dirty" pictures of herself to the child and receiving sexually explicit photos from the child. The defendant further admitted that the child appeared to be nine years old in the pictures that she received. The defendant told agents that she wanted the child to come over to her house with his friend and that it was her fantasy to have sex with two boys at the same time.

12.   <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _VW_      22

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ____1____ day of ~~January~~ February, 2019.

MARIA CHAPA LOPEZ
United States Attorney

_____
Vivienne Yvette Sellers
Defendant

_____
Lisa M. Thelwell
Assistant United States Attorney

_____
Simone Lennon, Esq.
Attorney for Defendant

_____
Amanda L. Riedel
Assistant United States Attorney
Acting Chief, Special Victims Section

23